### HARTER BANK v COOPER et

Ohio Appeals, 5th Dist, Stark Co

Decided October 23, 1931

Black, McCuskey, Ruff & Souers, Canton, and Wendell Herbruck, Canton, for plaintiff.

James E. Willison, Massillon, for defendant.

LEMERT, J.

The cause is in this court upon the same agreed statement of facts as was submitted in the court below. The question for determination here is one of law, as to the right of subrogation on the part of the First Savings & Loan Company of Massillon, Ohio, it having had a mortgage on record prior to the mortgage of the Geo. D. Harter Bank, this prior mortgage having been paid off by taking a new mortgage, which was recorded subsequent to the Bank's mortgage, and by paying this prior mortgage the First Savings & Loan Company claims now to be subrogated and entitled to the extent that the proceeds from its latter mortgage were taken to pay off the mortgage first recorded.

In a well decided case to be found in 58 Oh St 443, it was held that where money is loaned under an agreement that it shall be used in the payment of a lien on real estate, and it is so used, and the agreement is that the one who so-loans the money shall have a mortgage lien on the same lands to secure his money, and through some defect in the new mortgage or oversight as to other liens the money cannot be made on the last mortgage, the mortgagee has a right to be subrogated to the lien which was paid by the money so by him loaned, when it can be done without placing greater burdens upon the intervening lien-holders than they would have borne if the old mortgage had not been released.

The facts in the instant case seem to bear out the contention that the First Savings & Loan Company, having had a mortgage that was prior to the mortgage of the Geo. D. Harter Bank, and paying off that mortgage and taking a subsequent mortgage, would not place any greater burden on the Geo. D. Harter Bank than it would have borne if the first mortgage had not been released, and that therefore the First Savings & Loan Company is entitled to subrogation to the extent that the proceeds of its subsequent mortgage were used in the payment of the prior encumbrance.

By the agreed statements of facts it is shown that the amount of $2,725.33 was used to pay off the first mortgage held by the Loan Company and the Loan Company is therefore entitled to subrogation to that extent. It might be said that the doctrine of subrogation is said to rest on the basis of equity. It is resorted to for the purpose of doing justice between the parties. The doctrine will not be enforced to defeat or interfere with superior or equal equities of others, or the legal rights of others growing out of express contracts, or against one having both legal and equitable title. It has been called the mode which equity adopts to compel the ultimate discharging of a debt by him who in good cause ought to pay it, and relieve him who no one but the creditors could ask to pay.

It has been held in 58 **Oh St, page 86**—

"As a general rule, one having an interest in or lien on property, who pays off for his protection a prior incumbrance upon it, is entitled in equity to be subrogated to all the rights of the prior incumbrancer, and to enforce the security for his reimbursement out of the incumbered estate. This right, however, does not belong to a mere volunteer or a stranger who pays the incumbrance."

Again, in 58 **Oh St, at page 443**, it was held—

"Where money is loaned under an agreement that it shall be used in the payment of a lien on real estate, and it is so used, and the agreement is that the one who so loans the money shall have a first mortgage lien on the same lands to secure his money and through some defect in the new mortgage or oversight as to other liens, the money can not be made on the last mortgage, the mortgagee has a right to be subrogated to the lien which was paid by the money so by him loaned, when it can be done without placing greater burdens upon the intervening lienholders than they would have borne if the old mortgage had not been released."

In Jones, on Mortgages, Seventh Edition, §971, the rule is laid down that when a new mortgage is substituted in ignorance of an intervening lien, the mortgage released through mistake may be restored in equity and given its original priority as a lien, further holding that a court of equity will grant relief on the ground of mistake, not only when the mistake is expressly proved, but also when it is implied from the nature of the transaction.

The record before us discloses that the loan company at the time of taking the mortgage of date July 31st, 1924, simultaneously thereto and as a part of the same transaction cancelled the mortgage on the record at the time of the execution of the new mortgage, and that by oversight and inadvertance, they did not know of the mortgage of the Geo. D. Harter Bank, which stood in priority of them upon the record, after the cancellation of their first mortgage. We note, however, that the sum of $2,735.33 of this sum was used in paying off this mortgage and that by so doing the loan company did not act as a volunteer or without interest in the property and did not act under the express intention of thereby cancelling and releasing their lien on the property, but believed that they had and held a first lien; that in the absence of any intent expressed, it is to be presumed that the loan company did not intend to release its prior lien and equity will sustain such prior lien so as to protect its right of priority, especially when to do so does not place any greater burden upon the bank than they would have borne if the old mortgage had not been released.

The case of the **Union Trust Company** v **Lessovitz**, decided by this court, found in 31 Ohio Law Reporter, page 451, is distinguished from the instant case by the fact that in the **Lessovitz** case the court found that subrogation prejudiced the intervening lienholders and that their position would be and was changed. That is not true in the instant case, as the claim is made in this case for subrogation only to the extent that the proceeds of the second mortgage were used to pay off the first mortgage, which was prior to the mortgage of the Geo. D. Harter Bank.

Believing that the equities in this case, under all the facts and circumstances, are such as to entitle the loan company to priority by subrogation, we hold that they have such priority to the extent of the money advanced and applied on the cancellation of the mortgage as of July 31st 1924. We believe the Legislature of Ohio recognized the right to protect the lien of a mortgage given to pay off prior incumbrances.

Therefore, an entry may be prepared in accordance with this opinion, and exceptions may be noted thereto.

SHERICK, PJ and MONTGOMERY, J, concur.